IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA ERB O/B/O DESIRAE MARIE ERB,<br><br>        Plaintiff,<br><br>  -vs-<br><br>NANCY A. BERRYHILL,[1]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Civil Action No. 17-1418 |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying an application for supplemental security income pursuant to the Social Security Act. Plaintiff filed the application on behalf of Desirae Marie Erb alleging that she became disabled on November 4, 2014. (ECF No. 8-7, p. 2). Administrative Law Judge ("ALJ"), William E. Kenworthy, held a hearing on January 5, 2017. (ECF No. 8-3). On February 21, 2017, the

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

ALJ found that Desirae was not disabled under the Act. (ECF No. 8-2, pp. 37-49). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. §1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. §416.924. An impairment functionally equals a listed impairment if the child has "marked" limitations[2] in two domains of functioning or an "extreme" limitation[3] in one domain. 20 C.F.R. § 416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or completing activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it. 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that although Desirae has severe impairments,[4] she does not have an impairment or combination of impairments that meets, medically equals, or functionally

---

[2] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[3] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

[4] The ALJ found Desirae's severe impairments to be oppositional defiant disorder, attention deficit

3

equals the severity of a set of criteria for an impairment listed in 20 C.F.R. §§416.924, 416.925, and 416.926. (ECF No. 8-2, pp. 42-49). As a result, the ALJ found that she was not disabled under the Act.

### B. **Whether the ALJ erred in determining that Plaintiff did not meet or medically equal a listed impairment**

Plaintiff's brief essentially maintains that Desirae meets or medically equals a listed impairment and presents argument to support that position. (ECF No. 11). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's entire argument in this regard is misplaced.

In one sentence, Plaintiff suggests that "[t]he ALJ reviews Exhibit 3E and indicates the findings to be only a few slight problems in acquiring and using information. No problem in any other domain. This is in error." (ECF No. 11, p. 4). Based on my review of the record, I find that there is substantial evidence to support this finding by the ALJ. (ECF No. 8-8, pp. 12-24). Additionally, Plaintiff suggests that the "ALJ erred in determining that the child testified that there are three people she considers to be good friends in her class." (ECF No. 11, p. 3). To be

---

hyperactivity disorder and a learning disability. (ECF No. 8-2, pp. 40-42).

4

precise, the ALJ did not "determine" that Plaintiff had three good friends in her class. Rather, the ALJ stated that Desirae "testified that there are three people she considers to be good friends in her class." (ECF No. 8-2, p. 42). Considering that testimony along with other evidence the ALJ found, in terms of interacting with others, the ALJ found Desirae's degree of impairment is less than marked. *Id.* at 42, 46-47. Based on my review of the record, I find that there is substantial evidence of record to support this finding by the ALJ. *Id.* Consequently, remand is not warranted on these arguments.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA ERB O/B/O DESIRAE MARIE ERB, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> NANCY A. BERRYHILL,[5] ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No.  17-1418 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 28th day of January, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                                        BY THE COURT:

                                        s/   Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

5  Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.